IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN S. MATHIS, | No. C 91-20050 LHK (PR) |
| Petitioner, | ORDER OF DISMISSAL |
| vs. | |
| WARDEN CHARLES D. MARSHALL, | |
| Respondent. | |

On January 31, 1991, Petitioner, a state prisoner proceeding *pro se*, filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction and sentence. Specifically, Petitioner claimed that: (1) the trial court violated his Sixth Amendment right to confront witnesses; (2) the trial court violated his Fourteenth Amendment right to due process by admitting voice identification testimony; and (3) counsel rendered ineffective assistance of counsel. After the parties submitted briefs on the merits, on July 29, 1992, former Senior Judge Spencer Williams denied the petition. Thereafter, that same year, Judge Williams and the Ninth Circuit Court of Appeal denied Petitioner a certificate of probable cause.

On August 29, 2011, Petitioner filed a motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(b)(6). In the motion, Petitioner requests reconsideration of the denial of his petition on the grounds that: (1) the trial judge sentenced Petitioner to the upper term of his sentence, in violation of *Butler v. Curry*, 528 F.3d 624 (9th Cir. 2008), and *Cunningham v. California*, 549 U.S. 270 (2007); (2) there was insufficient evidence to support his conviction;

1 and (3) the jury was instructed with CALJIC 2.50.01, which lessened the prosecution's burden of
2 proof as discussed in *Gibson v. Ortiz*, 387 F.3d 812 (9th Cir. 2004).

3     Despite Petitioner's argument that the motion should not be considered a "second or
4 successive" petition, the Court disagrees. A Rule 60(b) motion that contains one or more
5 "claims," i.e., an asserted basis for relief from a state court's judgment of conviction, is, if not in
6 substance a successive habeas petition, at least similar enough that failing to subject it to the
7 same requirements would be inconsistent with the habeas statute. *Gonzalez v. Crosby*, 545 U.S.
8 524, 537-38 (2005). "Using Rule 60(b) to present new claims for relief from a state court's
9 judgment of conviction – even claims couched in the language of a true Rule 60(b) motion –
10 circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new
11 rule of constitutional law or newly discovered facts." *Id.* at 531. Accordingly, the Court finds
12 that Petitioner's 60(b) motion is, in fact, a second or successive petition.

13     A district court must dismiss claims presented in a second or successive habeas petition
14 challenging the same conviction and sentence unless the claims presented in the previous petition
15 were denied for failure to exhaust. *See* 28 U.S.C. § 2244(b)(1); *Babbitt v. Woodford*, 177 F.3d
16 744, 745-46 (9th Cir. 1999). Additionally, a district court must dismiss any new claims raised in
17 a successive petition unless the petitioner received an order from the Court of Appeals
18 authorizing the district court to consider the petition.

19     Here, the instant petition challenges the same conviction and sentence as Petitioner's
20 1991 habeas action, which was denied on the merits on July 29, 1992. *See Mathis v. Marshall*,
21 No. 91-20050 SW (N.D. Cal. 1992). The Ninth Circuit subsequently denied a certificate of
22 probable cause on October 28, 1992. Petitioner has not presented an order from the Ninth Circuit
23 Court of Appeals authorizing this Court to consider any new claims. Accordingly, this Court
24 must dismiss the instant petition in its entirety. *See* 28 U.S.C. § 2244(b)(3)(A).

25     No further filings shall be accepted in this closed case.
26     **IT IS SO ORDERED.**
27 DATED:   6/13/12
28                                     LUCY H. KOH
                                    United States District Judge